## Commonwealth v. Laboranti

*David Schwartz*, for appellant.
*Alex S. Gorny*, for appellee.

LEACH, P. J., June 16, 1937.—Defendant in this case was convicted under an ordinance of the City of Scranton which provides:

"It shall be unlawful in the City of Scranton to keep, maintain, or carry on any tippling shop, store, warehouse, public garage, hotel, restaurant, inn, tavern, house, room, or place where wines, spirituous, malt or brewed liquors containing one-half of one percent or more of alcohol by volume are manufactured, sold, offered for sale, possessed, furnished or given away for beverage purposes; or to transport or deliver in, into, within or out of the City of Scranton any such wines, spirituous, malt or brewed liquors except by those who hold licenses and are lawfully authorized so to do by virtue of existing laws or any Act of Assembly which may be hereafter enacted."

Under the said ordinance a person who served guests a cocktail in his house could be arrested for keeping a tip-

pling house. If he purchased a bottle of wine or a case of beer, not having a license to sell it, he could also be arrested. The ordinance is void, being in conflict with the Pennsylvania Liquor Control Act of November 29, 1933, P. L. 15, and its supplements:

". . . an ordinance is not valid which conflicts with any statute of the state. A municipality cannot lawfully forbid what the legislature has expressly licensed, authorized or required, or authorize what the legislature has expressly forbidden": 19 R. C. L. 803.

Now, June 16, 1937, judgment reversed.